[Doc. No. 2]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KEITH ROBINSON and VIRGIN BRISCOE, | : |
| Plaintiffs, | : |
| v. | : Civil No. 10-2824 (JHR/JS) |
| WINSLOW TOWNSHIP, WINSLOW TOWNSHIP POLICE CHIEF ANTHONY BELLO, and SEAN RICHARDS, | : |
| Defendants. | : |

**OPINION**

This matter is before the Court on the "Motion to Take Deposition Pursuant to Fed R. Civ. P. 27(a)" filed by petitioners Keith Robinson and Virgin Briscoe ("petitioners").[1] Petitioners seek leave of court to conduct pre-complaint deposition and document discovery. Petitioners' application is opposed by Winslow Township ("Winslow") and intervenor WaWa, Inc. ("WaWa"). For the reasons discussed herein petitioners' application is DENIED.

**Background**

Keith Briscoe ("Briscoe") died outside of a Wawa store after a confrontation with Sean Richards ("Richards"), a Winslow police officer, on May 3, 2010. The Camden County Prosecutor's Office ("CCPO") responded by initiating an investigation into the events

---

[1] Although denominated by petitioners as a motion, Rule 27 refers to a petition. The Court will treat the motion as a petition.

surrounding Briscoe's death. According to petitioners, in the course of its investigation the CCPO obtained custody of Wawa's surveillance tapes and other potentially relevant evidence regarding the events on the day in question.

Petitioners are Keith Briscoe's parents. According to their petition they anticipate bringing a §1983 civil rights action against Winslow and others arising out of Briscoe's death. Petitioners state that they have not yet filed their action because they want to preserve their state law tort claims that require a six-month waiting period under the New Jersey Tort Claims Act. See N.J.S.A. 59:8-8. The six-month waiting period expires in approximately December 2010.

Petitioners seek pre-complaint discovery because they are concerned they will not be able to identify potential witnesses and access the relevant surveillance tapes when they file their complaint.[2] Petitioners are "extremely concerned" with a

---

[2] The specific requests contained in petitioners' application are as follows. First, petitioners request to depose Wawa to inquire about the store's surveillance capabilities and the existence of video and audio tapes from May 3, 2010. Second, petitioners request a deposition from the Winslow Township Police Department, Berlin Police Department, Pine Hill Police Department and Camden County Prosecutor's Office to inquire about the existence of police dashboard video footage and any other video footage that may be in their custody. Third, petitioners seek an order requiring the respective custodian of any of the surveillance tapes to provide the petitioners with copies of the tapes. Fourth, petitioners seek copies of all relevant police reports, Wawa incident reports and 911 audiotapes relating to the May 3, 2010 incident. Five, petitioners seek the Internal Affairs records of the Winslow Township Police Department for the past

2

representation made by the CCPO that surveillance tapes do not exist for events occurring outside the WaWa. Certification in Support of Petition at ¶43. Along with the passage of time this is the basis of the petitioners' belief that the tapes are at risk of being "damaged, destroyed or otherwise disappearing." Id. at ¶¶43, 44. Petitioners further argue, "[t]he greater the passage of time, the more difficult it becomes for Petitioners to identify and locate witnesses and other evidence, and otherwise perpetuate evidence necessary for the contemplated action." Id. at ¶49.

In opposition to petitioners' application Winslow relies on Ash v. Cort, 496 F.2d 416 (3d. Cir. 1976), and asserts that the request for pre-complaint discovery should be denied because petitioners fail to show that the requested surveillance tapes are likely to be lost unless discovery proceeds immediately. Brief in Opposition at 2. Winslow argues that petitioners do not present any facts that "support the assertion that evidence will be forever lost between now and December 2010." Id. at 3. Winslow further argues, "[a]ny evidence which may have initially been obtained by the Winslow Township Police Department ... is currently in the custody of the Winslow Township Police Department and the Camden County Prosecutor's Office." Id. at 4.

---

seven years.

3

In response, petitioners argue that Winslow's reliance on Ash is misplaced as the facts in Ash are significantly different from this matter. Petitioners argue that unlike the plaintiffs in Ash they have demonstrated an "urgent need" for the requested depositions and document production because the victim of the alleged police misconduct has died and is unable to provide them with the evidence necessary to conduct a timely investigation. Petitioners rely on Mosseller v. United States, 158 F.2d 380 (2d Cir. 1947), and argue that Mosseller stands for the proposition that "the right to ... relief ... does not depend upon the condition of the witness, but upon the situation of the party (petitioner) and his power to bring his rights to an immediate investigation." Id. at 382 (citation and quotation omitted).

Wawa argues that petitioners have made no showing that any documents or information currently in the possession of Wawa is likely to be lost or destroyed between now and December 2010. In the alternative, Wawa asks the Court to limit the scope of petitioners' proposed pre-complaint discovery to the discrete areas identified by the Court as falling within the scope of Fed. R. Civ. P. 27(a).

In response to Wawa's arguments, petitioners reassert that "immediate production of the requested items will enable Plaintiffs to promptly identify and locate witnesses, attempt to obtain statements from these witnesses, and otherwise identify

4

and attempt to perpetuate other evidence essential to Plaintiffs' contemplated action." Reply Brief at 2.  Petitioners argue that due to the death of Keith Briscoe, they are "powerless to conduct an immediate and meaningful investigation in the absence of the requested relief." Id. at 3.  They also argue they "must rely on information contained in video and audio tapes, police reports and Wawa incident reports for an understanding of the facts surrounding their son's death." Id. at 2.

**Discussion**

Petitioners' application is governed by Fed. R. Civ. P. 27(a), which provides a means of obtaining pre-complaint discovery to perpetuate testimony before trial.[3]  Rule 27(a) reads:

> **Depositions to Perpetuate Testimony**
>
> (a) Before an Action Is Filed.
>
> > (1) Petition. A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony.  The petition must be titled in the petitioner's name and must show:
> >
> > > (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

---

[3]Rule 27(b) addresses the perpetuation of testimony pending appeal.

>    (B) the subject matter of the expected action and the petitioner's interest;
>
>    (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
>    (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
>    (E) the name, address, and expected substance of the testimony of each deponent.

If the elements of Rule 27(a) are satisfied the court may issue an order to perpetuate evidence if it is "satisfied that perpetuating the testimony may prevent a failure or delay of justice." Rule 27(a)(3). What constitutes a failure or delay of justice is "a matter for the sound discretion of the district court." Mosseller, 158 F.2d at 382; see also Ash, supra at 912 (ruling that a Rule 27 petition is reviewed for abuse of discretion on appeal). The Third Circuit has emphasized that Rule 27(a) is not a substitute for general discovery and is only "available in special circumstances to preserve testimony which could otherwise be lost." Id. Ash also states, "[t]he scope of discovery allowed under Rule 27 is much narrower than that available under the general discovery provisions of Rule 26." Id. at 911.

A Rule 27 petition is appropriate in situations when a petitioner can show that perpetuation of evidence is necessary to prevent the loss of testimony. See id. at 913 (petitioner must

6

show that "continued delay in granting discovery is likely to result in a loss of evidence"). The passage of time, laden with uncertainty, increases the possibility that evidence may be lost or destroyed. 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §2072 (3d ed. 1998). Accordingly, a Rule 27 petition is more likely to be granted when the underlying events occurred in the distant past. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (3d Cir. 1967) (granting petition when events occurred eleven years prior to filing of motion, and stating, "[i]t is a fact of life, too, that the memory of events already dating back some eleven years grow dim with the inexorable march of time, even on the part of one on the sunny side of the proverbial three score and ten years"). The amount of time that a petitioner must wait before filing a complaint is also a relevant consideration in assessing a Rule 27 petition. See In re Caraway, 303 Fed. Appx. 220, 221 (5th Cir. 2008). However, conclusory statements that evidence will be lost based on the passage of time are not sufficient. Petition of Rosario, 109 F.R.D. 368, 371 (D. Mass. 1986) (citing Ash, 512 F.2d at 913). To this end, courts require a particularized showing that perpetuation of evidence is necessary to preserve testimony. Application of Checkosky, 142 F.R.D. 4, 7 n.2 (D.D.C. 1992) (citing cases), aff'd, Checkosky v. S.E.C, 23 F.3d 452, 488 (D.C. Cir 1994).

7

Petitioners request for leave to take pre-complaint depositions is denied because they have not demonstrated that the requested testimony will be lost before they can formally conduct discovery.  Nor have petitioners demonstrated that the depositions are immediately necessary to prevent a failure or delay of justice.  In <u>Penn Mutual Life Ins. Co. v. U.S.</u>, 68 F.3d 1371, 1375 (D.C. Cir. 1995), appellants were involved in an ongoing dispute with the Internal Revenue Service and requested depositions of two potential witnesses. The requested depositions were denied by the District Court because the plaintiffs failed to meet the requirements of Rule 27.  In affirming the District Court's ruling with respect to one of the requested deponents, the Court in <u>Penn Mutual</u> stated that "appellants offered no evidence regarding [the deponent's] age or health which suggests he may be unavailable for any trial that might ensue . . .." <u>Id</u>. at 1375.  Like <u>Penn Mutual</u>, petitioners do not assert any facts to demonstrate that relevant witnesses will be unavailable when they file their complaint in December 2010.  Petitioners also do not allege that the age or health of the requested deponents may lead to the loss of their testimony. The events in question occurred within a few months of petitioners' application, and petitioners' complaint may be filed before the end of this calendar year.  This weighs against granting petitioners' application. <u>See</u> <u>Petition of Kunimoto</u>, No. 96MS232 (AER), 1996 WL

8

622094, at *3 (D.D.C. Oct. 16, 1996) (finding that a waiting period of six to nine months is not sufficient to warrant the fear of loss of testimony). Additionally, Winslow represents that all relevant documents are in the custody of its police department and the CCPO. There is no evidence that the documents will be lost. See Penn Mut. Life Ins. Co., 68 F.3d at 1375 ("a general allegation is not sufficient to satisfy Rule 27's requirement that a petitioner demonstrate an immediate need to perpetuate testimony").

Petitioners' request for copies of WaWa's surveillance tapes is also governed by Rule 27(a). The requirements in Rule 27 apply to requests for pre-complaint depositions and the production of documents and things. See Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra, 198 F.3d 473, 478 n.5 (4th Cir. 1999). In Allegra, petitioner sought to preserve equipment located onboard a ship; however, the defendants in the anticipated action were in the process of repairing the ship. Id. at 476. The court granted petitioners request to perpetuate evidence because "crucial evidence was rapidly disappearing or changing." Id. at 485. Unlike Allegra, petitioners herein have failed to show that the requested tapes will be lost or destroyed if copies are not immediately produced.

Petitioners have not set forth facts to sustain their request for the pre-complaint production of WaWa's surveillance

9

tapes. Petitioners have not demonstrated that the requested tapes may be lost or unavailable when they anticipate filing their complaint. Petitioners have argued that the passage of time will make it more difficult to locate and identify witnesses. However, petitioners' conclusory language about the passage of time is not sufficient to satisfy their burden of demonstrating that WaWa's tapes will be lost, damaged or destroyed. See Checkosky, 142 F.R.D. at 7-8.

Petitioners refute the applicability of Ash, arguing that it is factually distinguishable from the case at bar. In Ash, the petitioner filed a Rule 27(b) petition to depose officers and directors with first-hand knowledge of alleged illegal political contributions pending the appeal of petitioner's previously decided case. Ash, 512 F.2d at 913. The Third Circuit found the deponents' testimony was not at risk of being lost simply because the witnesses were over fifty years old and their memories may fade. Id. at 913. Following the Third Circuit's holding in Ash, courts have continued to require that a Rule 27 petition make a particularized showing that tangible evidence or testimony is likely to be lost before the complaint is filed in order for pre-

10

complaint discovery to be authorized.[4]  Petitioners have not made the required particularized showing in this case.

Petitioners argue that unlike the applicants in <u>Ash</u>, they are unable to properly investigate their claim.  However, as noted in <u>State of Nevada v. O'Leary</u>, 63 F.3d 932, 933 (9th Cir. 1995), "Rule 27 is not appropriate where ... the petitioner seeks discovery of unknown information that the petitioner hopes will assist it in the future when the petitioner applies for judicial relief."

Petitioners reliance on <u>Mosseller</u> is misplaced because in that case the petitioners asserted a specific risk that testimony would be lost due to the requested deponent's life threatening injury. In <u>Mosseller</u>, petitioner's son was severely injured aboard a vessel owned by the United States and he was barred by statute from filing suit for at least sixty days.  The court granted the applicant's Rule 27 petition because, "[a]s shown by affidavits, medical opinion indicated that [petitioner's] son

---

[4] <u>See</u> <u>In re Ramirez</u>, 241 F.R.D. 595 (W.D. Tex. 2006) (denying petition because prisoner's allegation that city would lose or despoil evidence was insufficient to prove that evidence was likely to be lost); <u>In re Caraway</u>, 303 Fed. Appx. 220 (5th Cir. 2008) (denying petition because petitioner did not produce facts to show that perpetuation was necessary to prevent the loss of testimony); <u>see</u> <u>also</u> <u>Allegra</u>, 198 F.3d at 481 (allowing perpetuation of evidence located on a ship that was scheduled to leave United States waters and was at risk of being lost or materially altered); <u>Petition of Delta Quarries and Disposal, Inc.</u>, 139 F.R.D. 68 (M.D.Pa. 1991) (permitting perpetuation due to the presentation of sufficient evidence of the deteriorating health of the deponent).

might die before the time elapsed." 158 F.2d at 381. Petitioners herein do not assert that any individuals they wish to depose are at risk of death.

As noted, petitioners' argument that they are unable to properly investigate their claim also fails because Rule 27 is not appropriate for the purpose of discovering facts for a future lawsuit. In In re Vratoric, No. 02:09-MC-00284, 2009 WL 3526562, at *1 (W.D. Pa. Oct. 23, 2009), petitioners sought to perpetuate the testimony of a police officer for an anticipated §1983 civil rights action. Id. Petitioners argued they could not "obtain the evidence needed to fully set forth their federal claims, ... [and] file a lawsuit, unless [the police officer's] evidence is obtained." Id. The court rejected petitioners' argument, stating, "Rule 26, and not Rule 27, provides the method for discovering facts and that rule may be availed only after action has been commenced." Id. at *2. Here, petitioners' contention that they are unable to properly investigate their claim fails for the same reason. If petitioners wish to investigate their claim against Winslow, they may do so in the context of the discovery they take after they file their complaint. "Courts generally agree that to allow Rule 27 to be used for the purpose of discovery before an action is commenced to enable a person to fish for some ground for bringing suit would be an abuse of the

12

rule.  Rule 27 simply authorizes the perpetration of evidence, not the discovery or uncovering of it." Id.

Petitioners have expressed concern over alleged conflicting reports regarding WaWa's surveillance tapes. Specifically, petitioners allege that representatives from the CCPO have indicated that Wawa does not have surveillance tapes for events taking place in their parking lot, whereas another source indicated that Wawa maintained a surveillance camera in its parking lot. Id.  Despite the fact that the Court is not directing that the requested tapes be produced at this time, petitioners' interest in assuring the availability of the tapes in the future is protected. "Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a litigation hold to ensure the preservation of relevant documents [and things]." Major Tours, Inc. v. Colorel, C.A. No. 05-3091 (JBS/JS), 2009 WL 2413631, at *2 (D.N.J. Aug. 4, 2009).  Accordingly, it is apparent that the parties in possession of the relevant surveillance tapes are under a duty to preserve the tapes. Various potential sanctions and causes of action may be available to petitioners if the requested tapes are lost or destroyed. See Jerista v. Murray, 185 N.J. 175, 201-202 (2005); Mosaid Technologies Inc. v. Samsung Electronics Co., Ltd., 348 F. Supp. 2d 332, 335 (D.N.J. 2004).  For these and the other reasons

13

discussed herein, the Court finds that the requested discovery is not necessary to "prevent a failure or delay of justice."

**Conclusion**

Accordingly, for all the foregoing reasons, petitioners' "Motion to Take Deposition Pursuant to Fed. R. Civ. P. 27(a)" is DENIED. An appropriate Order will be entered.

s/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

DATED: August 23, 2010

14